**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EDWARD STEPTOE ANDREWS, | |
| Petitioner, | CIVIL ACTION NO. 3:16-CV-00742 |
| v. | (MARIANI, J.) |
| | (MEHALCHICK, M.J.) |
| SUPERINTENDANT, SCI-HOUTZDALE, et al., | |
| Respondents. | |

**REPORT AND RECOMMENDATION**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by Petitioner Edward Steptoe Andrews on May 3, 2016. (Doc. 1). Andrews pled *nolo contendere* to charges of criminal attempt to commit homicide and aggravated assault on October 28, 2013. *Commonwealth v. Andrews*, CP-18-CR-0000226-2013 (Clinton County C.C.P.). Andrews asserts he was provided ineffective assistance of counsel when he agreed to enter a plea of *nolo contendere*, as neither counsel nor the trial court informed him of the "intent to kill" element of the former charge. (Doc. 1, at 6). Andrews states that had he been informed of the elements, he would have insisted on a jury trial. (Doc. 1, at 6). Andrews further states he was provided ineffective assistance of counsel when counsel failed to advise Andrews of an available voluntary intoxication defense. (Doc. 1, at 8).

I. **STATEMENT OF THE CASE**

On April 26, 2013, Petitioner Andrews fired his gun nine times through the back door of a residence, knowing Alma Antram was on the other side. (Doc. 1-1, at 2). Four shots hit Ms.

Antram in the back. (Doc. 1-1, at 2). Andrews also threw a Bowie knife at Douglas Antram, which struck Mr. Antram in the foot. (Doc. 1-1, at 2). Andrews was arrested the same day. (Doc. 1-1, at 2).

### A. PROCEEDINGS IN STATE COURT[1]

On April 26, 2013, Andrews was charged in the Court of Common Pleas of Clinton County with criminal attempt – homicide, aggravated assault, and various misdemeanors based upon his actions, including a DUI. *Commonwealth v. Andrews*, CP-18-CR-0000226-2013 (Clinton County C.C.P.). Andrews entered a plea of *nolo contendere* on October 28, 2013. *Commonwealth v. Andrews*, CP-18-CR-0000226-2013 (Clinton County C.C.P.). The Court of Common Pleas sentenced Andrews to 15-30 years imprisonment for criminal attempt and 6-12 years for aggravated assault, for a total of 21-42 years to be served concurrently. *Commonwealth v. Andrews*, CP-18-CR-0000226-2013 (Clinton County C.C.P.).

Andrews did not directly appeal his sentence, though he did file a PCRA petition on December 12, 2014. (Doc. 1-1, at 3).[2] Andrews' PCRA petition raised claims of: ineffective assistance of counsel for failure to ensure that Andrews' plea of *nolo contendere* was knowing, intelligent, and voluntary; ineffective assistance of counsel for failure to ensure that Andrews

---

[1] A federal habeas court may take judicial notice of state court records, as well as its own records. *Minney v. Winstead*, No. 2:12-CV-01732, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013); see also *Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988). Accordingly, in reviewing this petition, the Court has taken judicial notice of the publicly available dockets of criminal and collateral post-conviction proceedings in the Court of Common Pleas of Clinton County, the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania.

[2] The Respondents do not contest the timeliness of either Andrews' PCRA petition or the instant habeas petition.

was informed of the elements of the offenses in open court; ineffective assistance of counsel for failure to ensure the petitioner understood the elements of the offenses; and denial of due process for failure of the judge to explain the elements of the offenses in open court. (Doc. 1, at 4). Andrews argued that neither counsel, nor the court, ever informed him that intent *to kill* was an essential element to criminal intent – homicide. Andrews stated that he never intended to kill either Antram, and had Andrews known that such specific intent was necessary to convict him, he would have proceeded to trial rather than entering his plea. Andrews further asserted that counsel never informed him of the potentially available defense of voluntary intoxication which may have reduced his charge to a lesser degree.

On March 19, 2015, the Court of Common Pleas of Clinton County held an evidentiary hearing on the matter, denying Andrews' petition the same day. *Commonwealth v. Andrews*, CP-18-CR-0000226-2013 (Clinton County C.C.P.). Andrews appealed this decision to the Superior Court, who affirmed in a non-precedential opinion on December 7, 2015. *Commonwealth v. Andrews*, No. 660 MDA 2015, 2015 WL 8484642 (Pa. Super. Ct. 2015). The Superior Court opinion outlined multiple instances from the trial court transcripts where Andrews verbally acknowledged intent to kill, finding no ineffective assistance of counsel on count I given Andrews' on the record acknowledgement of this element. *See Commonwealth v. Andrews*, 2015 WL 8484642, at *2-4.

The Superior Court opinion also held that counsel was not ineffective by failing to advise Andrews of a potential voluntary intoxication defense. *Commonwealth v. Andrews*, 2015 WL 8484642 at *4. Relying on a lengthy recitation of *Commonwealth v. Williams*, 730 A.2d 507 [(Pa. Super. Ct. 1999)], the Superior Court reiterated that evidence of voluntary intoxication may not be offered to negate specific intent to kill in an attempted homicide. *Commonwealth v.*

*Andrews*, 2015 WL 8484642, at *4-6. Thus, the defense was not available[3] and counsel was not ineffective in failing to inform Andrews of it.

Andrews petitioned for an allowance of appeal with the Pennsylvania Supreme Court, which was denied on May 31, 2016. *Commonwealth v. Andrews*, CP-18-CR-0000226-2013 (Clinton County C.C.P.).

B. PROCEEDINGS IN FEDERAL COURT

On May 3, 2016, Andrews filed the instant counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising renewed ineffective assistance of counsel claims for failure to advise him of the elements of the charged crimes and of the available intoxication defense. (Doc. 1). The Respondents filed an answer on July 27, 2016. (Doc. 10). Andrews filed a traverse on September 7, 2016. (Doc. 13). The matter is now ripe for review.

II. **HABEAS CORPUS STANDARDS**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which is codified at 28 U.S.C. § 2254(d), a habeas corpus petition can only succeed if Petitioner can show that (i) the state court's resolution of his claim was contrary to, or an objectively unreasonable application of, clearly established federal law and (ii) his claim is exhausted.[4] *See* 28 U.S.C. § 2254(d)(1); *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002); *Berryman v. Morton*, 100 F.3d 1089, 1103 (3d Cir. 1996).

---

[3] Indeed, counsel testified at the evidentiary hearing that he did not believe voluntary intoxication was an available defense and thus did not raise it. (Doc. 10-3, at 28).

[4] The Respondents have not raised an exhaustion challenge and Andrews appears to have satisfactorily exhausted his state court remedies prior to this petition.

"A state-court decision is 'contrary to' clearly established federal law if the state court (1) 'contradicts the governing law set forth in [the Supreme] Court's cases' or (2) 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a [different] result.'" *Lambert v. Blackwell*, 387 F.3d 210, 234 (quoting *Williams v. Taylor*, 529 U.S. at 362, 405-406 (2000)). "A state-court decision 'involve[s] an unreasonable application' of clearly established federal law if the state court (1) 'identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular ... case'; or (2) 'unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.' " *Lambert*, 387 F.3d at 234 (quoting *Williams*, 529 U.S. at 407). An objectively unreasonable application does not require merely that a state court's decision be erroneous or incorrect, but also that it be unreasonable. *Williams*, 529 U.S. at 407. Clearly established federal laws are the holdings, not the dicta of the Supreme Court. *Williams*, 529 U.S. at 390.

State court factual determinations are also given considerable deference under the AEDPA. *Lambert*, 387 F.3d at 239. Petitioner must establish that the state court's adjudication of his claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2).

III.  **DISCUSSION**

As stated above, Andrews' habeas petition presents renewed claims of ineffective assistance of counsel for counsel's failure to inform Andrews of the intent to kill element of the charge against him, and for failure to inform Andrews of an available voluntary intoxication defense.

A. INEFFECTIVE ASSISTANCE OF COUNSEL STANDARD

The standard for ineffective assistance of counsel claims was established in the seminal Supreme Court case of *Strickland v. Washington*. 466 U.S. 668 (1984). In *Strickland*, the Supreme Court articulated a two-pronged test for evaluating whether counsel's performance was constitutionally deficient. Specifically, "[u]nder *Strickland*, courts are precluded from finding that counsel was ineffective unless they find both that counsel's performance fell below an objectively unreasonable standard, and that the defendant was prejudiced by that performance." *Marshall v. Hendricks*, 307 F.3d 36, 85 (3d Cir. 2002). This review of counsel's performance must be "highly deferential," as the petitioner has the burden of overcoming the strong presumption that his counsel's conduct fell "within the wide range of reasonable professional assistance" and that counsel "made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 689-90. Even if a petitioner demonstrates that his attorney's performance fell below prevailing professional norms, habeas relief will only be available if he further demonstrates that this deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 691-92. To demonstrate that he was prejudiced by counsel's ineffective performance, a petitioner "must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Courts properly deny an ineffective assistance of counsel claim upon determining that a petitioner fails to make a sufficient showing under either the performance component or the prejudice component of the *Strickland* two-part test. *Strickland,* 466 U.S. at 697.

Although Pennsylvania state courts evaluate ineffective assistance claims by applying a test that differs slightly from *Strickland*, the Third Circuit has made clear that Pennsylvania's test

is not contrary to *Strickland*. *Jacobs v. Horn*, 395 F.3d 92, 106 n.9 (3d Cir. 2005) (citing *Werts v. Vaughn*, 228 F.3d 178, 204 (3d Cir. 2000)).

"When reviewing an order of a PCRA court, our standard of review is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Hill*, 42 A.3d 1085, 1089 (Pa. Super. Ct. 2012). The Pennsylvania Supreme Court articulated our standard for a petitioner seeking relief predicated on ineffective assistance of counsel claims in a PCRA petition, stating that:

> an appellant must show . . . : (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.
>
> *Commonwealth v. Moore*, 805 A.2d 1212, 1215 (Pa. 2002).

"The failure to satisfy any prong of this test will cause the entire claim to fail." *Commonwealth v. Bath*, 907 A.2d 619, 622 (Pa. Super. Ct. 2006) (citations omitted). In addition, "counsel is presumed to be effective and [the petitioner] has the burden of proving otherwise." *Bath*, 907 A.2d at 622.

   B. COUNSEL NOT INEFFECTIVE FOR HIS FAILURE TO INFORM ANDREWS OF THE ELEMENTS OF THE CHARGES OR ENSURING THAT THE JUDGE EXPLAINED THE ELEMENTS OF THE OFFENSE IN OPEN COURT.

First, Andrews contends his attorney did not explain the elements of the charges against him, rendering his plea involuntary, unknowing, and unintelligent. (Doc. 1-1, at 9). Andrews contends that neither counsel, nor the court, ensured that Andrews was aware of the intent to kill and malice requirements in a criminal attempt – homicide case. (Doc. 1-1, at 10). Respondents refute that Andrews' argument satisfies the "arguable merit" prong of *Moore*, pointing to numerous instances in transcripts where Andrews either acknowledged being

informed of the elements or directly responded to court inquiries on his intent to kill. (Doc. 10, at 5-6).

A habeas petitioner challenging the voluntary nature of his or her guilty plea faces a heavy burden. *Zilich v. Reid*, 36 F.3d 317, 320 (3d Cir. 1994). A plea of *nolo contendere* is treated the same as a guilty plea in terms of its effect upon a particular case. *See generally Dickerson v. Vaughn,* 90 F.3d 87 (3d Cir. 1996). "[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations made in open court carry a strong presumption of verity." *Zilich*, 36 F.3d at 320 (citing *Blackledge v. Allison,* 431 U.S. 63, 74 (1977)).

Once a defendant enters a guilty plea, the defendant has the burden to proving the plea was unknowing or involuntary as there is a presumption that he was aware and understood the choice he made. *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. Ct. 2008). Courts will review the totality of the circumstances to determine whether a guilty plea was entered knowingly and voluntarily. *Bedell*, 954 A.2d at 1212. To ensure that defendant's plea is voluntary, intelligent, and knowing, trial courts must ascertain whether the defendant's plea colloquy explains the substance and consequences of the plea and the right he is giving up by pleading guilty. The Pennsylvania Supreme Court "has repeatedly stressed that where the totality of the circumstances establishes that a defendant was aware of the nature of the charges, the plea court's failure to delineate the elements of the crimes at the oral colloquy, standing alone, will not invalidate an otherwise knowing and voluntary guilty plea." *Commonwealth v. Morrison*, 878 A.2d 102, 107 (Pa. Super. Ct. 2005) (citing

*Schultz*, 477 A.2d 1328 (Pa. 1984); *Commonwealth v. Martinez*, 453 A.2d 940 (Pa. 1982); *Commonwealth v. Shaffer*, 446 A.2d 591 (Pa. 1982)).

As accurately noted by the Superior Court below, a valid plea colloquy in Pennsylvania must "delve into six areas: 1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." *Commonwealth v. Andrews*, No. 660 MDA 2015, 2015 WL 8484642, at *2 (Pa. Super. Ct. 2015) (citing *Morrison*, 878 A.2d at 107)). In finding Andrews' arguments on this issue without merit, the Superior Court found that the trial court's plea colloquy and Andrews' signed acknowledgement that counsel adequately discussed the elements of the charges overcame any on the record failure to recite each element of the charges individually. *Andrews*, 2015 WL 8484642, at *2-4. Among the supporting rationale for this finding were the satisfactory plea colloquy covering all six necessary areas, the written acknowledgement of discussion with counsel on the elements, specific acknowledgement at the plea hearing to attempting "to cause the death of Alma Antram," and the bill of criminal information stating the same. *Andrews*, 2015 WL 8484642, at *2-4. This Court is bound to honor the facts found by the lower court unless rebutted by a petitioner as unreasonable conclusions. 28 U.S.C. § 2254(d)(2). This burden has not been met.

The Court agrees with the Superior Court finding of no merit on Andrews' first ineffective assistance of counsel claim. Simply put, there is ample on the record evidence supporting the conclusion that Andrews was indeed aware of the nature and elements of the charges against him. While counsel did not ensure that each element was addressed individually at the plea hearing, this is not sufficient to overcome the totality of the circumstances identified by the Superior Court in reaching its decision. Without lengthy

recitation, this Court agrees with the factual predicate of the Superior Court's decision. Namely, Andrews acknowledgement of his intent to cause the death of Alma Antram at the plea hearing, written acknowledgement of his review of the elements of the charges by counsel, and notice of the intent element prior to entry of a plea of *nolo contendere*. Further, even were the Court to accept that no such review took place, the Court of Common Pleas specific identification of Andrews' intent to cause the death of Alma Antram serves to undermine the assertion that a different outcome in this case was reasonably probable had counsel adequately reviewed the elements of the crime with Andrews.

Thus, Andrews cannot satisfy all three prongs of the requirements outlined by *Moore* to establish ineffective assistance of counsel in the present case. Andrews has not established that his claim has underlying merit sufficient to grant a writ of habeas corpus. Accordingly, Andrews' petition on this ground should be denied.

> C. COUNSEL NOT INEFFECTIVE FOR FAILURE TO IDENTIFY AVAILABLE DEFENSES, AS VOLUNTARY INTOXICATION IS NOT A DEFENSE TO CRIMINAL ATTEMPT – HOMICIDE.

Next, Andrews argues that counsel failed to advise him of the availability of a voluntary intoxication defense. Andrews asserts that had he known of the defense he would not have accepted the plea, and instead would have chosen to proceed to trial. (Doc. 1-1, at 20). Andrews states that his intoxication could have been raised at trial to negate the intent to kill required for conviction. (Doc. 1-1, at 21). Respondents argue that intoxication is not an available defense, as this is not a first-degree murder case. Pursuant to 18 Pa.C.S.A. § 308:

> [n]either voluntary intoxication nor voluntary drugged condition is a defense to a criminal charge, nor may evidence of such conditions be introduced to negative the element of intent of the offense, except that evidence of such intoxication or drugged condition of the defendant may be offered by the defendant whenever it is relevant to reduce murder from a higher degree to a lower degree of murder.

While intoxication could be used by a defendant seeking to reduce the degree of a murder charge, it could not be used in attempt cases because Pennsylvania courts found lesser degrees of attempted murder "logically impossible." *Commonwealth v. Williams*, 730 A.2d 507, 511 (Pa. Super. Ct. 1999) ("There simply is no such crime as attempted second or third degree murder."); *see Commonwealth v. Skiba*, No. 995 WDA 2012, 2013 WL 11253809, at *27 (Pa. Super. Ct. 2013) (denying claim of ineffective assistance of counsel for counsel's failure to request jury instruction on defense of voluntary intoxication as such a defense is "not available . . . to attempted murder[.]"). Recently, the Pennsylvania Supreme Court brought the "logically impossible" into reality, deeming third degree murder—homicide without specific intent to kill—cognizable. *Commonwealth v. Fisher*, 80 A.3d 1186, 1195 (Pa. 2013).

In denying Andrews' PCRA petition, the Superior Court reiterated that voluntary intoxication is "not an available defense to attempted homicide." *Commonwealth v. Andrews*, No. 660 MDA 2015, 2015 WL 8484642, at *6 (Pa. Super. Ct. 2015). Andrews argues that *Fisher*'s recognition of third-degree murder renders the Superior Court's decision in this case an error of law. (Doc. 1-1, at 23). *See also Commonwealth v. Gadsden*, 64 Pa. D. & C.4th 412, 417 (Monroe County C.C.P. 2003) (denying motion *in limine* to prevent introduction of evidence of diminished capacity/voluntary intoxication as a defense to charge of attempted murder).

The Pennsylvania Supreme Court did not decide *Fisher* until after Andrews entered his plea. The issue asserted in the instant habeas petition is not relief pursuant to a change in law, but of ineffectiveness of counsel at the time Andrews entered his plea of no contest. At that time, reduced degree conspiracy to commit or attempted murder crimes remained

11

uncognizable. Thus, an intoxication defense could not reduce Andrews' charges to a lesser degree, as no lesser degree existed.

Even to the extent *Fisher* recognized the existence of lesser degrees of attempted murder, that opinion did not address the availability of intoxication defenses previously thought unavailable in attempt cases. In a non-precedential opinion decided eight months after *Fisher*, the Superior Court found that *Fisher* did not abrogate *Williams*, and that voluntary intoxication remained unavailable in "conspiracy" or attempt cases. *Commonwealth v. Squillaciotti*, No. 1239 EDA 2013, 2014 WL 10917019, at *3 fn. 2 (Pa. Super. Ct. 2014), *appeal denied Commonwealth v. Squillaciotti*, 105 A.3d 737 (Pa. 2014). While the appellant in *Squillaciotti* originally raised a claim of ineffective assistance of counsel for counsel's failure to inform the appellant of the availability of a diminished-capacity defense, the Superior Court construed appellant's argument as falling under voluntary intoxication given its factual predicate relied upon the effect of medications that appellant was taking at the time of the incident. *Squillaciotti*, 2014 WL 1097019, at *2. Appellant argued that because attempted murder also requires intent, "[the court] should hold that the diminished capacity defense applies to the offense of attempted murder[] as well." *Squillaciotti*, 2014 WL 1097019, at *2. Based heavily on the precedent set in *Williams*, the court found that appellant's ineffective assistance of counsel claims lacked arguable merit, as voluntary intoxication remained an unavailable defense to defendants charged with attempt or conspiracy to commit murder. *Squillaciotti*, 2014 WL 1097019, at *3. The Superior Court has consistently maintained this position in the wake of *Fisher*. *See generally Commonwealth v. Ward*, No. 664 EDA 2016, 2016 WL 5939453, at *2 (Pa. Super. Ct. 2016); *Commonwealth v. Hippensteel*, No. 1630 MDA 2014, 2015 WL 725939 (Pa. Super. Ct. 2015); *Commonwealth v. Rosa*, No. 2080 MDA 2013, 2014 WL 10845928, at *2 (Pa. Super. Ct. 2014).

Voluntary intoxication remains inapplicable as a defense sufficient to reduce first degree attempt to the newly recognized third degree. Andrews' petition seeks to have this Court render a finding to the contrary; however the issue at hand is not the applicability of a voluntary intoxication defense, but the ineffectiveness of Andrews' counsel in informing Andrews of the defense. The defense of involuntary intoxication was not available at the time of Andrews plea to reduce the charges levied against Andrews, regardless of whether or not the defense remains unavailable.[5] Thus, counsel cannot be deemed ineffective for failing to raise the defense of voluntary intoxication.

Given the consistent application before and after *Fisher*, this Court does not find the decision of the Superior Court to be in clear error. More importantly, Andrews' counsel was not ineffective in failing to raise the voluntary intoxication defense as asserted. Thus, Andrews' second ground for relief in the instant petition affords none. Accordingly, his petition should be denied.

---

[5] In addition to consistent caselaw declining the extension of § 308 to conspiracy or attempt, the clear language of the statute remains unchanged. The Pennsylvania statutory language clearly restricts presentation of voluntary intoxication to first degree murder cases, a separate offense than the one Andrews is convicted of. This statute remains unaltered and does not provide relief in this case.

IV. **RECOMMENDATION**

Based on the foregoing, the Court recommends that Petitioner Edward Steptoe Andrews' petition for a writ of habeas corpus should be **DENIED** and this case **DISMISSED**, as Petitioner has not established arguable merit on either of his underlying claims for ineffective assistance of counsel.

Dated: March 30, 2017                                      *s/ Karoline Mehalchick*
                                                          **KAROLINE MEHALCHICK**
                                                          **United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD STEPTOE ANDREWS,<br><br>               Petitioner,<br><br>v.<br><br>SUPERINTENDANT, SCI-HOUTZDALE, et al.,<br><br>               Defendant | CIVIL ACTION NO. 3:16-CV-00742<br><br>(MARIANI, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **March 30, 2017**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: March 30, 2017**

                                                                            *s/ Karoline Mehalchick*
                                                                         **KAROLINE MEHALCHICK**
                                                                         **United States Magistrate Judge**