# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD STEPTOE ANDREWS, :
:
    Petitioner, :
v. : 3:16-CV-742
: (JUDGE MARIANI)
SUPERINTENDANT, SCI-HOUTZDALE, :
et al. :
:
    Respondents. :

## ORDER

AND NOW, THIS 2nd DAY OF FEBRUARY, 2018, upon *de novo* review of Magistrate Judge Mehalchick's Report & Recommendation (Doc. 14) and Plaintiffs' Objections thereto (Doc. 15), **IT IS HEREBY ORDERED THAT**:

1. The Report & Recommendation ("R&R") (Doc. 14), is **ADOPTED** for the reasons discussed therein.

2. Petitioner's Objections, (Doc. 15), are **OVERRULED**. Petitioner argues that he was provided ineffective assistance of counsel because his lawyer failed to advise him of the "intent to kill" element of the attempted homicide charge, and because his lawyer failed to inform him of an available voluntary intoxication defense. But as the magistrate judge and the PCRA Court noted, Petitioner acknowledged in his written colloquy that he understood, and his "lawyer has explained to [him], the elements of these crimes and the possible penalties for them." *Commonwealth v. Andrews*, 2015 WL 8484642, at *2 (Pa. Super. Ct. Dec. 7, 2015). Petitioner also acknowledged during the oral plea colloquy that he accepted the "facts that are alleged in the

charging documents as true," which specified that "Defendant did, *with intent* to commit a specific crime, namely Title 18 Section 2501(a), Homicide ..." *Id.* at *3 (emphasis added). Finally, at the plea hearing, he "accept[ed] as true [] that on Friday, April 26, 2013...[he] attempted to cause the death of Alma Antram." *Id.* Furthermore, Petitioner's counsel testified that he told Petitioner "he was charged with attempt to commit criminal homicide. That criminal homicide included *intent*, knowing, reckless, and negligent..." Doc. 15 at 10 (citing the PCRA evidentiary hearing transcript). Thus, the magistrate judge correctly found that the evidence in the record "undermine[d] the assertion that a different outcome in this case was reasonably probable had counsel adequately reviewed the elements of the crime with Andrews." R&R at 10.

As for Petitioner's second argument, the magistrate correctly rejected Petitioner's argument that an intoxication defense was available in attempted murder charges under *Commonwealth v. Fisher*, 80 A.3d 1186, 1195 (Pa. 2013). *Fisher*'s holding only "held that *conspiracy* to commit third degree murder is a cognizable offense," not that an *attempt* to commit a lesser degree murder is a cognizable offense. *Commonwealth v. Squillaciotti*, 2014 WL 10917019, at *3 n. 2 (Pa. Super. Ct. June 10, 2014)). Thus, "[w]hile intoxication could be used by a defendant seeking to reduce the degree of a murder charge," the law remains that intoxication defenses are unavailable "in attempt cases because Pennsylvania courts found lesser degrees of attempted murder 'logically impossible.'" R&R at 11 (citing *Commonwealth v.*

2

*Williams*, 730 A.2d 507, 511 (Pa. Super. Ct. 1999)). Furthermore, as the R&R pointed out, *Fisher* was not decided "until after Andrews entered his plea. The issue asserted in the instant habeas petition is not relief pursuant to a change in law, but of ineffectiveness of counsel at the time Andrews entered his plea of no contest." *Id.* at 11-12.

3. Petitioner's Petition for a Writ of Habeas Corpus is **DENIED**.

4. A Certificate of Appealability **SHALL NOT ISSUE**.

5. The Clerk of Court is directed to **CLOSE** the case.

/Robert D. Mariani
United States District Judge